Filed 11/3/21  P. v. Carter CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092181 |
| Plaintiff and Respondent, | (Super. Ct. No. 96F00645) |
| v. | |
| FREDERICK CARTER, | |
| Defendant and Appellant. | |

Defendant Frederick Carter appeals the trial court's denial of his petition for resentencing under Penal Code section 1170.95.[1]  He contends the trial court erred by summarily denying his petition without issuing an order to show cause and the court erred in relying on this court's prior opinion to conclude defendant was ineligible for relief under section 1170.95 as a matter of law.  We affirm.

---

[1]  Undesignated statutory references are to the Penal Code.

1

BACKGROUND

Marcel Lofton was killed by multiple gunshot wounds, fired by defendant as Lofton laid on the ground already wounded by gunshots fired by defendant. Defendant claimed he suffered from mental health disorders affecting his perceptions.

Defendant was charged with first degree murder of Lofton. The information also alleged that in the commission of the offense, defendant personally used a nine-millimeter handgun. Defendant was not charged with felony murder, on an accomplice liability theory, or under a natural and probable consequences theory. A jury found defendant guilty of first degree murder and found true the allegation he personally used a firearm in the commission of the offense. The trial court sentenced defendant to a term of 25 years to life plus 10 years.[2] Defendant appealed, claiming his postoffense statement was erroneously excluded and instructional error. This court affirmed the judgment.

Defendant filed a petition for resentencing under section 1170.95. Defendant declared the prosecution proceeded "under the natural and probable consequences doctrine," he was convicted of second degree murder in lieu of going to trial because he believed he could have been convicted "of 1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine," and he "could not now be convicted of 1st or 2nd degree murder."

Pursuant to a standing order, the trial court appointed counsel for defendant and ordered briefing to determine whether to issue an order to show cause. After reviewing the parties' briefs and the "portions of the superior court file and the opinion of the Court of Appeal affirming the judgment" the trial court noted defendant, acting alone, shot Lofton. The trial court found "Because of the circumstances of this murder, [defendant]

_____

[2] Defendant was also charged, convicted, and sentenced on a stalking count unrelated to the claims in this appeal

2

does not fall within the provisions of Penal Code § 1170.95. That statute applies only when the defendant is convicted of felony-murder or under a natural and probable consequences theory. This murder was a malice aforethought murder. He was not an accomplice and intended to kill." Accordingly, the trial court denied the petition.

DISCUSSION

Defendant contends the trial court erred in summarily denying his petition by resolving factual issues without having issued an order to show cause and considering the record of conviction, including our appellate opinion, in determining whether he had made a prima facie showing of eligibility for relief.

*Legal Background*

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); see *People v. Verdugo* (2020) 44 Cal.App.5th 320, 325, review granted Mar. 18, 2020, S260493 (*Verdugo*); *People v. Martinez* (2019) 31 Cal.App.5th 719, 723.) "Senate Bill No. 1437 achieves these goals by amending section 188 to require that a principal act with express or implied malice and by amending section 189 to state that a person can only be liable for felony murder if (1) the 'person was the actual killer'; (2) the person was an aider or abettor in the commission of murder in the first degree; or (3) the 'person was a major participant in the underlying felony and acted with reckless indifference to human life.' (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, §§ 2, 3.)" (*People v. Cornelius* (2020) 44 Cal.App.5th 54, 57, review granted Mar. 18, 2020, S260410 (*Cornelius*); see *Verdugo,* at p. 326.)

Senate Bill No. 1437 also added section 1170.95, which permits persons convicted of felony murder or murder under a natural and probable consequences theory to petition

3

the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder following Senate Bill No. 1437's changes to sections 188 and 189. (Stats. 2018, ch. 1015, § 4.) Section 1170.95, subdivision (b) requires that the petitioner file a declaration showing his or her eligibility for relief under subdivision (a), the superior court case number and year of the petitioner's conviction, and whether he or she requests the appointment of counsel.

Section 1170.95, subdivision (c), describes the next steps in the process as follows: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

Section 1170.95, subdivisions (b) and (c) create a three-step process for evaluating a petitioner's eligibility for relief. (*Verdugo, supra*, 44 Cal.App.5th at pp. 327-330, review granted; accord, *People v. Torres* (2020) 46 Cal.App.5th 1168, 1177, review granted June 24, 2020, S262011.) First, the trial court determines whether the petition is facially sufficient under section 1170.95, subdivision (b)(2). (*Verdugo,* at pp. 327-328.) To do this, the trial court verifies that the petition contains the information required under section 1170.95, subdivision (b)(1), and supplies any missing information that can be "readily ascertained" from reliable, accessible information, including the record of conviction. (*Verdugo,* at pp. 328-330.)

If the petition is facially sufficient, then, in the second step, the trial court determines under section 1170.95, subdivision (c) whether the petitioner has made "a prima facie showing that the petitioner falls within the provisions of this section."

(§ 1170.95, subd. (c).)  The Court of Appeal for the Second District, Division 7, has described this inquiry as "a preliminary review of statutory eligibility for resentencing, a concept that is a well-established part of the resentencing process under Propositions 36 and 47." (*Verdugo, supra*, 44 Cal.App.5th at p. 329, review granted.)  "The court's role at this stage is simply to decide whether the petitioner is ineligible for relief as a matter of law, making all factual inferences in favor of the petitioner." (*Ibid.*)  In making this inquiry, the trial court may again examine readily available portions of the record of conviction, including "at least," the "complaint, information or indictment filed against the petitioner; the verdict form or factual basis documentation for a negotiated plea; and the abstract of judgment." (*Id.* at pp. 329-330.)  The trial court may also consider jury instructions and any appellate opinion in the case.  (*Id.* at p. 333.)

If the trial court determines that the petitioner is not ineligible for relief as a matter of law, the evaluation of the petition proceeds to the third step, a "second prima facie review," in which "the court must direct the prosecutor to file a response to the petition, permit the petitioner (through appointed counsel if requested) to file a reply and then determine, with the benefit of the parties' briefing and analysis, whether the petitioner has made a prima facie showing he or she is entitled to relief." (*Verdugo, supra*, 44 Cal.App.5th at pp. 328, 330, review granted.)  In this second prima facie review, the trial court must take the petitioner's factual allegations as true and make a preliminary assessment whether he or she would be entitled to relief if they were proved.  (*Id.* at p. 328; see *People v. Drayton* (2020) 47 Cal.App.5th 965, 976 [in the second prima facie review, "the trial [court] considers whether the petitioner has made a prima facie showing of entitlement to (rather than eligibility for) relief"] (*Drayton*).)

"If, accepting the facts asserted in the petition as true, the petitioner would be entitled to relief because he or she has met the requirements of section 1170.95[, subdivision] (a), then the trial court should issue an order to show cause.  [Citation.] Once the trial court issues the order to show cause under section 1170.95[, subdivision]

5

(c), it must then conduct a hearing pursuant to the procedures and burden of proof set out in section 1170.95, subd[ivision] (d) unless the parties waive the hearing or the petitioner's entitlement to relief is established as a matter of law by the record. [Citation.]  Notably, following the issuance of an order to show cause, the burden of proof will shift to the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (*Drayton, supra*, 47 Cal.App.5th at pp. 980-981.)  Both the prosecution and the defense may rely on the record of conviction or may offer new or additional evidence.  (§ 1170.95, subd. (d)(3).)

*Analysis*

Every Court of Appeal that has considered the issue has concluded that it is proper for a trial court to consider the record of conviction in evaluating whether a defendant has made a prima facie showing that he or she falls within the provisions of section 1170.95. (*People v. Lee* (2020) 49 Cal.App.5th 254, 262-263, review granted July 15, 2020, S262459; *People v. Law* (2020) 48 Cal.App.5th 811, 820-821, review granted July 8, 2020, S262490; *People v. Edwards* (2020) 48 Cal.App.5th 666, 673-674, review granted July 8, 2020, S262481; *People v. Torres, supra*, 46 Cal.App.5th at p. 1178, review granted; *Verdugo, supra*, 44 Cal.App.5th at pp. 329-330, 333, review granted; *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1137-1139, review granted Mar. 18, 2020, S260598; see *People v. Tarkington* (2020) 49 Cal.App.5th 892, 898-899, review granted Aug. 12, 2020, S263219; *People v. Offley* (2020) 48 Cal.App.5th 588, 598-599.)  And, these Courts of Appeal have found no error in the summary denial of section 1170.95 petitions where the record of conviction showed the defendant was ineligible for relief under section 1170.95 because he could be convicted of first or second degree murder under the law as amended by Senate Bill No. 1437 and, thus, did not fall within the provisions of section 1170.95.  (*Lee,* at pp. 262-263; *Edwards,* at p. 674; *Verdugo,* at p. 333; *Cornelius, supra*, 44 Cal.App.5th at p. 58, review granted; *Lewis,* at p. 1137.)  The California Supreme Court granted review in *Lewis, supra,* 43 Cal.App.5th 1128, S260598, and other

6

cases to address whether a trial court may consider the record of conviction in determining if a defendant has made a prima facie showing of eligibility for relief under section 1170.95. Until our Supreme Court decides the issue, we conclude it was proper for the trial court to consider the record of conviction in determining whether defendant made a prima facie showing that he fell within the provisions of section 1170.95.

"A court of appeal opinion, whether or not published, is part of the appellant's record of conviction. [Citations.] Accordingly, it [is] proper for [a] superior court to consider" an opinion affirming a murder conviction "in determining whether [a petitioner] ha[s] made a prima facie showing of eligibility for relief under section 1170.95 or whether he was ineligible for relief as a matter of law." (*Verdugo, supra*, 44 Cal.App.5th at p. 333, review granted.)

A review of the readily available record of conviction, including our prior opinion, the information, and the abstract of judgment, shows defendant "could not meet the statutory prerequisites for even filing a section 1170.95 petition because he was not charged or convicted of second degree felony murder or murder under the natural or probable consequences doctrine directed at accomplice liability. Accordingly, the superior court's summary denial was appropriate on this ground alone." (*People v. Edwards, supra*, 48 Cal.App.5th at p. 674, review granted.)

Moreover, the record of conviction demonstrates defendant was the actual killer, killing the victim by shooting him multiple times. Defendant was charged with first degree murder and personally using a firearm in the commission of that crime. The allegations of the murder involved a single perpetrator, not a situation in which multiple persons carried out the attack. (*People v. Tarkington, supra*, 49 Cal.App.5th at p. 899, review granted.) The guilty verdict shows the jury found beyond a reasonable doubt that he was the actual killer, and personally used a firearm in the murder. Thus, the record establishes defendant was the actual killer. (See *Cornelius, supra*, 44 Cal.App.5th 54, review granted.) We also note, in line with the jury's verdict, defendant's form petition

7

did not aver he was not the actual killer. As the trial court correctly concluded, this murder was not a felony-murder killing, did not involve accomplice liability, and reflected an intent to kill.

*Drayton, supra*, 47 Cal.App.5th 965 is not to the contrary. In *Drayton*, the trial court evaluated the evidence offered at the preliminary hearing, and making a credibility determination against defendant, determined that the defendant was a major participant in the underlying felony who acted with reckless indifference to human life. (*Id*. at pp. 981-982.) Engaging in such factfinding prior to issuing an order to show cause was error. (*Id*. at p. 982.) There was no dispute that the defendant in *Drayton* was not the actual killer and did not intend to kill. (*Id.* at p. 973.)

In contrast to what occurred in *Drayton*, the trial court here did not engage in any factfinding. Rather, it relied on our prior opinion and other portions of the record of conviction, such as the abstract of judgment and the information, and found defendant ineligible for section 1170.95 relief as a matter of law. There was no dispute that defendant here was the actual killer. The statute's remaining procedural requirements were accordingly inapplicable. (*People v. Offley, supra*, 48 Cal.App.5th at p. 597.)

Because defendant was the actual killer, defendant is ineligible for resentencing as a matter of law under section 1170.95. He simply does not come within the provisions of the statute. No further briefing or evidence could aid the court in reaching this conclusion. Indeed, " '[i]t would be a gross misuse of judicial resources to require the issuance of an order to show cause or even appointment of counsel based solely on the allegations of the petition, . . . when even a cursory review of the court file would show as a matter of law that the petitioner is not eligible for relief.' " (*Lewis, supra*, 43 Cal.App.5th at p. 1138, review granted.) The trial court's summary denial of the petition was thus proper.

## DISPOSITION

The order denying defendant's section 1170.95 petition is affirmed.

_____\s\_____,
BLEASE, Acting P. J.

We concur:

_____\s\_____,
MURRAY, J.

_____\s\_____,
RENNER, J.